# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTINA GRACIA, individually and as personal representative of the Estate of Malcolm Gracia, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | 15-13260-FDS |
| CITY OF NEW BEDFORD, TYSON BARNES, PAUL FONSECA, BRIAN SAFIOLEAS, TREVOR SYLVIA, and DAVID BROWN, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MEMORANDUM AND ORDER ON MOTION FOR REMAND

**SAYLOR, J.**

This action for negligence and civil rights violations arises out of the shooting death of Malcolm Gracia, a fifteen-year-old African American, by New Bedford police officers. Defendants, the City of New Bedford and several police officers, removed the case from Superior Court on the basis of 28 U.S.C. § 1441(a). Plaintiff, the sister of the decedent and the personal representative of his estate, filed a motion for remand. The Court denied the motion to remand without prejudice, finding that it had subject-matter jurisdiction over the case because the complaint, which referred multiple times to violations of the decedent's federal constitutional rights, appeared to state a claim for excessive force under the Fourth Amendment and 42 U.S.C. § 1983.

Plaintiff has now moved for reconsideration. In support of that motion, plaintiff has

made the following stipulation:

> The plaintiff hereby waives any claims under 42 U.S.C. § 1983. The plaintiff acknowledges that unless the plaintiff is able to satisfy the threats, intimidation or coercion elements of section 11H of the Massachusetts Civil Rights Act, plaintiff will not be entitled to recover on the theory of a violation of the Fourth and Fourteenth Amendments of the United States Constitution.

*See Hood v. City of Boston*, 891 F. Supp. 51, 52 (D. Mass. 1995) (finding such a stipulation adequate to dismiss all federal claims as a predicate to the remand of any remaining state claims).

Plaintiff is therefore waiving, and thus effectively dismissing, her only federal claim.[1] If a "district court has dismissed all claims over which it has original jurisdiction," it "may decline to exercise supplemental jurisdiction . . . ." 28 U.S.C. § 1367. "It has consistently been recognized that [supplemental] jurisdiction is a doctrine of discretion, not of plaintiff's right." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). "Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.*

Accordingly, because the federal claim will be dismissed, the Court will decline to exercise its supplemental jurisdiction over any state-law claims. Rather than dismissing her state-law claims without prejudice, the Court will remand the case to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("[A] district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."). If at some point it becomes apparent that the plaintiff is in fact alleging a federal claim, such a change may constitute an event triggering

---

[1] Defendants contend that the complaint alleges claims for punitive damages, and that because the Massachusetts Civil Rights Act does not allow for punitive damages, the complaint necessarily states a claim pursuant to § 1983. The plaintiff, however, has stipulated that the complaint does not allege a § 1983 claim, and therefore plaintiff is simply seeking damages that may not be available under Massachusetts law.

the thirty-day window for removal pursuant to 28 U.S.C. § 1446(b)(3).

For the foregoing reasons, plaintiff's motion for reconsideration is GRANTED, and the case is hereby REMANDED to the Superior Court.

**So Ordered.**

Dated: February 4, 2016

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge